

## NUMBER 13-10-00114-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JUAN JESUS CANTU AND MARIA YOLANDA CANTU,                Appellants,

v.

ZAR-MAT PROPERTIES, A TEXAS GENERAL
PARTNERSHIP, JOSE RUBEN MATA, AND
ZARAGOSA HINOJOSA, JR.,                                  Appellees.

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Per Curiam Memorandum Opinion

Appellants Juan Jesus Cantu and Maria Yolanda Cantu complain in this appeal of a November 30, 2009 order granting summary judgment in favor of appellees Zar-Mat Properties, a Texas General Partnership, Jose Ruben Mata, and Zaragosa Hinojosa, Jr. (Zar-Mat). We dismiss for want of jurisdiction.

In 2005, the Cantus bought a home from Zar-Mat for $49,500. They paid $3,000 in cash and gave Zar-Mat a promissory note for $46,500 with an interest rate of 12.5% per annum. The Cantus defaulted on the note, and Zar-Mat conducted a non-judicial foreclosure to obtain title to the property. On February 21, 2006, Zar-Mat filed a forcible entry and detainer action against the Cantus in justice court, and on February 28, 2006, the Cantus answered. That same day, the Cantus filed suit against Zar-Mat in County Court at Law No. 1 for violation of truth-in-lending laws and conspiracy to commit fraud. In April 2006, at the request of the Cantus, the justice-court action was consolidated into the county-court-at-law action.[1] Subsequently, the trial court considered motions for summary judgment filed by Zar-Mat, motions seeking summary judgment only on the Cantus' claims. On November 30, 2009, the trial court granted Zar-Mat's second summary-judgment motion. On March 2, 2010, the trial court dismissed, without prejudice, a third-party action Zar-Mat had filed against third-party defendant Montalvo & Ramirez, Attorneys at Law. This appeal followed.

On July 16, 2010, we abated this appeal and asked the trial court to clarify its November 30 order, as to the forcible entry and detainer action. On August 6, 2010, the trial court signed a clarification order where it determined that the November 30 order was interlocutory because it did not address Zar-Mat's forcible entry and detainer claims.

On August 16, 2010, Zar-Mat filed its "First Supplement to Motion to Determine Finality of Judgment and to Abate," which this Court construed as a motion to dismiss for want of jurisdiction. Based on this request, we reinstated the appeal. The Cantus filed their response on August 23, 2010.

---

[1] We note that no pleadings from the justice-court action are contained in the record.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The Court, having fully reviewed and considered the appellate record herein, concludes that the appeal is interlocutory and fails to invoke our appellate jurisdiction. We are of the opinion that this cause should be dismissed.

Because the Cantus are not appealing a final judgment, we conclude this Court has no jurisdiction to consider this appeal. Zar-Mat's motion is hereby granted. Accordingly, this appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
30th day of August, 2010.